IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT A. COKER and,                    :
SHERRI A. HUTSON, individually and      :
SHERRI A. HUTSON as Executor of         :
the Estates of BETTY J. COKER and       :
ROBERT L. COKER,                        :
                                        :          CIVIL ACTION NO.
        Plaintiff,                      :          1:14-CV-03672-AT
                                        :
    v.                                  :
                                        :
KINDRED HEALTHCARE                      :
OPERATING, INC., KINDRED                :
HEALTHCARE, INC., LAFAYETTE             :
HEALTH CARE CENTER, INC., and           :
WENDY GOZA, M.D.,                       :
                                        :
        Defendants.                     :

## ORDER

This case arises from a negligent care and wrongful death action filed on behalf of the decedent Robert L. Coker while under the Defendants' care in a rehabilitation facility. Plaintiffs originally filed this action in the State Court of Fulton County in the State of Georgia, and Defendants subsequently removed the case to this Court. Pending before the Court is Plaintiffs' Motion to Remand to State Court [Doc. 20]. For the reasons set forth below, the Court **DISMISSES** Count IX of Plaintiffs' Third Amended Complaint, **GRANTS** Plaintiffs' Motion to Remand to State Court, and **ORDERS** Plaintiffs to pay Defendants $400 as reimbursement for the cost of removal pursuant to 28 U.S.C. § 1447(c).

## I.    BACKGROUND

Plaintiffs filed their Complaint in this matter in the State Court of Fulton County on March 26, 2014, alleging various state law tort claims for negligent care of the decedent Robert L. Coker at a rehabilitation facility.   (*See* Doc. 1.) Plaintiffs thereafter amended their Complaint several times, culminating in their Third Amended Complaint filed on October 15, 2014. (Doc. 11.)  Plaintiffs' Third Amended Complaint asserts state law claims for "Simple Negligence" (Count I), "Medical Negligence" (Count II), "Gross Negligence" (Count III), "Negligent Hiring, Training, Supervision and Retention of Employees" (Count IV), "Loss of Consortium" (Count V), "Establishment of Liability Through Imposition of Alter Ego Theory" (Count VI), "Damages Due to Wrongful Death" (Count VII), "Recovery Under Georgia Law for Long Term Care Facility Abuse" (Count VIII), and "Recovery Due to Fraud" (Count XI).[1]  (*Id.*)

In addition to these various state law theories, Plaintiffs' Third Amended Complaint also asserts a claim for "Recovery Under Federal Law for Long Term Care Facility Abuse" (Count IX) arising out of alleged violations of 42 §§ C.F.R. 483.20, 483.25, and 483.35. (*Id.*)  Plaintiffs allege they "have an independent right to a cause of action under Federal law for the defendants' failures as alleged herein." (*Id.* ¶ 101.)

Defendants filed their Notice of Removal to this Court on November 14, 2014, on two grounds: (1) that this Court has original jurisdiction pursuant to 28

---

[1] Plaintiffs' Third Amended Complaint does not contain any claim identified as "Count X."

U.S.C. § 1331 because Count IX of Plaintiffs' Third Amended Complaint asserts an "independent right to a cause of action under Federal law" and seeks relief under Medicare regulations 42 §§ C.F.R. 483.20, 483.25, and 483.35;  and (2) that this Court has original jurisdiction pursuant to the removal requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453, because Plaintiffs "ostensibly seek relief on behalf of class members, diversity exists between the named Plaintiffs and at least one Defendant, and Plaintiffs seek relief in excess of $5,000,000."  (Doc. 1 ¶¶ 29-30.)

## II.   ANALYSIS

Plaintiffs now seek to remand this action to the state court, arguing that Count IX of their Third Amended Complaint does not create federal question jurisdiction.  They offer three grounds for this assertion: (1) that federal courts lack primary jurisdiction over claims relating to the Medicare Act; (2) the alleged violations of Medicare regulations do not give rise to a private right of action under federal law; and (3) that Plaintiffs' claim involving violations of the Medicare regulations does not necessarily depend on resolution of a substantial question of federal law implicating this Court's subject matter jurisdiction under the Supreme Court's decision in *Grable & Sons Metal Prods., Inc., v. Darue Eng'g. & Mfg.*, 545 U.S. 308 (2005).

In Response, Defendants assert that removal was proper based on the allegations of Plaintiffs' Third Amended Complaint asserting "an independent right to a cause of action under Federal law."  Defendants do not assert that the

Medicare Act gives rise to a federal claim or that Count IX necessarily depends on resolution of a substantial question of federal law.   Rather, the essence of Defendants' argument is that Plaintiffs' allegations alone control, and that Plaintiffs' failure to set forth a viable legal claim goes to the merits rather than to whether jurisdiction is properly established.   Defendants further note that Plaintiffs' motion ignores their alternative basis for jurisdiction under § 1332(d) governing the removal of a class action.

### A.   General Legal Standards on Removal of Cases Based on Original Jurisdiction

A defendant may remove to federal court any civil action arising under the Constitution, laws, or treaties of the United States.   28 U.S.C. §§ 1331 (original jurisdiction/federal question), 1441(a) (removal); *see also Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 711 (11th Cir. 1997) ("A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally.").   "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 530-31 (1999).  A case "aris[es] under" federal law within the meaning of § 1331 if "a well-pleaded complaint" establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (quoting *Franchise*

*Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420, (1983)); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (noting that "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action"); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (finding that even if federal law does not create the cause of action, a case may nonetheless arise under federal law where federal law is a necessary element of the claim for relief).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (quoting *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)). "[T]o meet their burden, the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Id.* at 1295. As federal district courts are courts of limited jurisdiction, in deciding a motion to remand where the plaintiff and defendant disagree as to jurisdiction, any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Adventure Outdoors*, 552 F.3d at 1294.

**B.     Whether the Court Lacks Primary Jurisdiction Over Plaintiffs' Count IX**

In support of their Motion to Remand, Plaintiffs first argue that Count IX of their Third Amended Complaint does not create federal question jurisdiction because federal courts lack primary jurisdiction over claims relating to the Medicare Act.   This is so, Plaintiffs maintain, because the "Medicare statute 'strips federal courts of primary federal-question subject matter jurisdiction' over claims that arise under the Medicare Act." (Pls.' Mot. at 12 (quoting *Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044, 1046 (11th Cir. 2008) (citing *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 779 (11th Cir. 2002)).)   Plaintiffs argue, because the Medicare regulations they cite "arise under the Medicare Act . . . this Court lacks primary federal question subject matter jurisdiction to answer questions regarding standards of conduct established by regulations promulgated under the Act." (*Id.*)

Plaintiffs' reliance on *Dial* is misplaced.   It is true that for claims arising under the Medicare Act, such as a Medicare beneficiary's claim for benefits, the Medicare Act "strips federal courts of primary federal-question subject matter jurisdiction over Medicare claims" because "[t]he Medicare statute requires that any lawsuit which seeks to recover on any claim arising under it must first be brought through the Department of Health and Human Services' administrative appeals process before it can be taken to federal court." *Cochran*, 291 F.3d at 778-79.   This jurisdictional bar, however, only applies to claims that *arise under* the

Medicare Act. *See Heckler v. Ringer*, 466 U.S. 602, 615 (2013).  In *Heckler*, "the Supreme Court held that a claim may arise under the Medicare Act when 'both the standing and the substantive basis for the presentation' of the claim is the Medicare Act, or if the claim is 'inextricably intertwined' with a claim for Medicare benefits." *Main & Assocs., Inc. v. Blue Cross & Blue Shield of Ala.*, 776 F. Supp. 2d 1270, 1279 (M.D. Ala. 2011) (citing *Heckler*, 466 U.S. at 614-15, 622-24); *RenCare, Ltd. v. Humana Health Plan of Tex., Inc.*, 395 F.3d 555, 557 (5th Cir. 2004); *Ardary v. Aetna Health Plans of Cal., Inc.*, 98 F.3d 496, 499-500 (9th Cir. 1996).   But where plaintiffs bring a tort action against healthcare providers for negligent care rather than an action for reimbursement of Medicare benefits, such an action does not arise under the Medicare Act. *See Brogdon* ex rel. *Cline v. Nat'l Healthcare Corp.* 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) ("The removal of federal question jurisdiction for claims 'arising under' the Medicare Act does not apply to Plaintiffs' claims against a private party for violations of participation requirements wholly unrelated to Medicare eligibility or benefit determinations."); *Wartenberg v. Aetna U.S. Healthcare, Inc.*, 2 F. Supp. 2d 273, 277-78 (E.D.N.Y. 1998); *see also Ardary*, 98 F.3d at 499-500 (holding that a state tort action against an insurance provider not seeking Medicare benefits did not arise under the Medicare Act); *Berman v. Abington Radiology Assocs., Inc.*, No. CIV. A. 97-3208, 1997 WL 534804, at *4 (E.D. Pa. Aug. 14, 1997) (finding that state law claims for negligence do not arise under the Medicare Act); *Plocica v. Nylcare of Tex., Inc.*, 43 F. Supp. 2d 658 (N.D. Tex.

1999) (holding that the plaintiffs' claims did not arise under the Medicare Act because their claims did not seek to recover payment or reimbursement for any allegedly denied benefit but were based in tort against defendants for their allegedly tortious conduct in the inadequate quality of care and treatment of the deceased); *Salas v. Grancare, Inc.* 22 P.3d 568, 573 (Colo. App. 2001) ("Consequently, even if we assume that plaintiffs' claims are based to some extent on the Medicare and Medicaid Acts, and in that sense 'arise under' those Acts, the remedy they seek is not available through Medicare's or Medicaid's administrative processes.").

The Medicare Act does not provide the "standing and the substantive basis for the presentation" of Plaintiffs' claim. *See Heckler*, 466 U.S. at 615.  Plaintiffs seek damages on a theory of negligence and breach of duty of care, not the Medicare Act.  State tort law provides the standing and substantive basis for the presentation of such a claim. *See RenCare*, 395 F.3d at 557 (holding that where a plaintiff's claims were "based on state law, the standing and substantive basis for its claims [was] clearly not the Medicare Act"); *Ardary,* 98 F.3d at 499 (holding that state common law, not the Medicare Act, provided standing for plaintiff's claims of negligence, intentional and/or negligent infliction of emotional distress, intentional and/or negligent misrepresentation, and professional negligence).  Nor is Plaintiffs' claim for damages resulting from Defendants' alleged negligence "inextricably intertwined" with a claim for Medicare benefits because Plaintiffs are not seeking to recover benefits. *See id.* at 500 (finding that plaintiffs' claims

8

for general and punitive damages resulting from negligence, intentional and/or negligent infliction of emotional distress, intentional and/or negligent misrepresentation, and professional negligence were not "inextricably intertwined" with claims for benefits because plaintiffs "at bottom [were] not seeking to recover benefits"); *cf. Heckler*, 466 U.S. at 614 (finding that claims were "inextricably intertwined" with claims for benefits because "it makes no sense to construe the claims . . . as anything more than, at bottom, a claim that they should be paid for their . . . surgery"). While Plaintiffs rely on Medicare regulations to establish standards of care for healthcare facilities, their tort claim invoking such standards of care is not a claim for benefits that arises under the Medicare Act. Accordingly, this Court must determine whether the Medicare regulations Plaintiffs cite create the kind of private right of action that Plaintiffs do bring in this case.

## C.   Whether Medicare Regulations Provide a Private Right of Action

Despite expressly asserting a "Count for Recovery Under Federal Law for Long Term Care Facility Abuse," Plaintiffs now assert as a basis for remand that the alleged violations of the Medicare regulations do not give rise to a private right of action under federal law. (Pls.' Mot. at 13 (citing *Merrell Dow v. Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986).) In response, Defendants assert that removal was proper based on Plaintiffs' allegations in Count IX asserting on its face "an independent right to a cause of action under Federal law for the

defendants' failures as alleged [t]herein." (Defs.' Resp. at 2-3 (quoting Third Am. Compl., Doc. 11 at ¶ 101).)

Although neither party has identified any legal authority on the issue, whether the Medicare Act generally or the Medicare regulations specifically create a private right of action allowing patients to sue healthcare facilities for inadequate care was a question squarely presented in *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.* 103 F. Supp. 2d 1322 (N.D. Ga. 2000).  Similar to this case, in *Brogdon*, residents of a long term healthcare facility brought an action against the facility for inadequate and negligent care, asserting mostly state law claims but also asserting two counts for violation of federal standards under the Medicare and Medicaid Acts. *Id.* at 1325-26.  In determining whether these statutes and the regulations interpreting them create a private right of action for such harms, the court first found that "[t]hese statutes . . . do not expressly authorize private causes of action to enforce their provisions." *Id.* at 1330. Relying on a test laid out in *Cort v. Ash*, 422 U.S. 66 (1975), the court also analyzed whether these laws create an implied right of action for these harms, which required the court to determine "whether Congress intended to authorize nursing home residents to file suit against nursing homes to enforce the standards required for participation in the Medicare and Medicaid programs." *Id.* The court "conclude[ed] that Congress did not intend to create such a remedy" finding that "[t]he great majority of courts have determined that the Medicare and Medicaid Acts do not authorize private causes of action against nursing

homes." *Id. (*citing *Wheat v. Mass*, 994 F.2d 273, 276 (5th Cir. 1993) and *Stewart v. Bernstein*, 769 F.2d 1088, 1092-93 (5th Cir. 1985)); *see also Burney v. 4373 Houston, LLC*, No. Civ.A. 5:05-CV-255, 2005 WL 2736515, at *5 (M.D. Ga. 2005) (Royal, J.) (finding no private right of action in wrongful death suit against rehabilitation center for alleged breach of requirements of federal Medicare regulation and stating that "[e]ven though Plaintiffs refer to a federal regulation as part of their negligence per se claim, it arises purely under state law and does not present a federal question").   As the district court's reasoning and cited authority in *Brogdon* is persuasive, the Court finds no reason to depart from these holdings by recognizing a private right of action under the Medicare regulations in this case.

Defendants do not dispute that the Medicare Act does not provide Plaintiffs with a private right of action, nor do they assert any other basis under federal law as possible grounds for federal jurisdiction over Plaintiffs' claim in Count IX.   Instead, Defendants assert that Plaintiffs, as the masters of their complaint, should be held to their own allegations asserting a federal claim. According to Defendants, Plaintiffs' "well-pleaded" Complaint establishes federal question jurisdiction despite the fact that the claim in Count IX may be frivolous and subject to dismissal. (Defs.' Resp. at 2-3.)

Defendants' elevation of form over substance misses the point.   Federal question jurisdiction is not established by mere reference to a federal statute mentioned in a complaint otherwise entirely consisting of state law claims.   *See*

*Cuyhoga River Power Co. v. N. Ohio Traction & Light Co.,* 252 U.S. 388, 397 (1920) ("[A case] cannot be made in a federal court unless there be involved a federal question, and a federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect."); *Hill v. Marston*, 13 F.3d 1548, 1550-52 (11th Cir. 1994) (holding that a reference to a federal law within a state law claim does not automatically transform state law claims into federal claims). Parties cannot confer jurisdiction on a federal court by simply alleging in a complaint a claim that has no basis in federal law. *See Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("[F]ederal jurisdiction can never be created by the parties. Even though a particular litigant or both litigants in a case may . . . desire to be in federal court, there is an obligation to admit the lack of jurisdiction where it does not exist and to make inquiry when jurisdiction is uncertain."); *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) ("A case 'aris[es] under' federal law within the meaning of § 1331, if 'a well-pleaded complaint' establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."); *see also Kinsey v. Gould*, No. 2:05-cv-636-WKW, 2007 WL 1034956, at *1 (M.D. Ala. Mar. 30, 2007) (Watkins, J.) (dismissing, upon the magistrate judge's recommendation, a case for lack of jurisdiction explaining that plaintiff's mere recitation of federal law or reference to a federal statute is insufficient to establish federal question jurisdiction).

Defendants also mistakenly contend that whether Plaintiffs' alleged federal claim is frivolous has no bearing on the propriety of Defendants' removal.  (Defs.' Resp. at 3 (citing *Heritage Bank of the S. v. Jones & Jones Constr. LLC,* No. 2:13-cv-01084-RDP, 2014 WL 4415920, at *3 (N.D. Ala. Sept. 2, 2014) (noting in dicta that "[a] defendant may remove clearly unmeritorious or even frivolous claims, as well as meritorious claims")).)[2]

A  federal court may dismiss for lack of subject matter jurisdiction an alleged  claim under the Constitution or federal statutes that (1) clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or (2) is wholly  insubstantial and frivolous. *E.g.*, *Blue Cross & Blue Shield of Ala. v. Sanders,* 138 F.3d 1347, 1352 (11th Cir. 1998) (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)) (discussing the distinction between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted). "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover.  Rather the test is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." *McGinnis v. Ingram Equip. Co. Inc.*, 918 F.2d 1491, 1494 (11th Cir.

---

[2] The Court is not persuaded by Defendants' reliance upon *Heritage Bank* which concerned whether federal question subject matter jurisdiction was properly asserted on removal under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. §§ 1819 (b)(2)(A)&(B) providing that civil suits in which the FDIC is a party are deemed to arise under the laws of the United States and that the FDIC may, in virtually every case, remove any suit filed against it in state court within 90 days after the FDIC is substituted as a party. *Id.*  The court found that removal was proper under FIRREA, which provides a "grant of jurisdiction . . . so robust that it creates a *rebuttable presumption* of federal question jurisdiction to support removal . . . and overcomes the well-pleaded complaint rule." *Id.* (quoting *Lindley v. FDIC.*, 733 F.3d 1043, 1050-51 (11th Cir. 2013)).

1990) (en banc).  A claim is wholly insubstantial and frivolous, for example, if a plaintiff cannot plausibly argue that a federal statute creates his right to relief. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1222 (11th Cir. 2008); *Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 471 (11th Cir. 2013) (finding that the district court properly concluded that plaintiff's federal claims were so patently frivolous that court lacked subject matter jurisdiction under § 1331 where neither the statutes cited in the complaint, nor any other federal statute, provided a cause of action for the defendant's wrongful conduct).  Because, as stated above, the Medicare regulations do not grant Plaintiffs a federal right of action, Plaintiffs have not properly plead a federal claim in Count IX and Count IX should be dismissed unless Plaintiffs' tort claims involve substantial questions of federal law implicating this Court's subject matter jurisdiction under *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) and *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).[3]

### D.    Whether Plaintiffs' Claims Depend on Resolution of a Substantial Question of Federal Law Under *Merrell* and *Grable*

The remaining counts in Plaintiffs' Third Amended Complaint include no mention of the Medicare regulations, and Plaintiffs rely expressly on Georgia's parallel standards of care for healthcare facilities in Count VIII of the Third Amended Complaint.  However, to the extent Plaintiffs intend to rely on the

---

[3] Plaintiffs on the one hand argue that, because they mistakenly alleged a cause of action based on violations of the Medicare regulations, Count IX "is due to be dismissed" and then on the other hand argue that "dismissal of the Count is not required in order for this Court to grant the Motion to Remand because . . . a mere reference to the Medicare regulations does not create federal question jurisdiction." (Pls.' Mot. at 20.)

Medicare regulations in support of their state law tort claims (or in the event Plaintiffs amend their complaint to assert a purely state law cause of action that refers to the standard of care included in the Medicare regulations) Plaintiffs acknowledge that such a claim may, in a narrow class of cases, raise a substantial federal issue creating federal question jurisdiction under *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986)and *Grable & Sons Metal Prods., Inc., v. Darue Eng'g. & Mfg.*, 545 U.S. 308 (2005)even if the federal law does not create a private right of action.  Nonetheless, Plaintiffs argue that any federal issue raised by their tort claims does not create federal question jurisdiction in this case.  (Mot. at 14-16.)

Defendants do not assert that Plaintiffs' claims turn on substantial questions of federal law or "necessarily" raise a disputed federal issue appropriate for resolution by this Court under *Merrell* and *Grable.*[4]  *See Cooper v. Int'l Paper Co.*, 912 F. Supp. 2d 1307, 1312 (S.D. Ala. 2012) ("Proving that this matter fits into the slim category of cases that trigger this Court's arising under jurisdiction because a substantial federal question arises out of what are otherwise purely state-law claims is, of course, up to IP, which, as the removing defendant, bears the burden of establishing the existence of federal jurisdiction.") (internal quotation marks omitted).  As the Court must determine whether a proper basis

---

[4] Defendants instead assert that Plaintiffs' reliance on *Merrell* is misplaced because "unlike here—the *Merrell* plaintiffs did 'not allege that federal law creates any of the causes of action asserted" and the determination instead hinged on "the presence of a federal issue in a state-created cause of action."  (Defs.' Resp. at 4.)  Here, Plaintiffs assert an independent right to a cause of action under Federal law.

exists for exercising jurisdiction, the Court will nonetheless briefly consider whether Plaintiffs' tort claims, to the extent they are based on the standards of care included in the Medicare regulations, would raise a substantial federal issue creating federal question jurisdiction.

The Court must narrowly construe whether a federal question is presented by a complaint based on the assertion that "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Madzimoyo v. The Bank of N.Y. Mellon Trust Co.*, 440 F. App'x 728, 730 (11th Cir. 2011) (quoting *Merrell*, 478 U.S. at 808, 810-14). Under the "substantial federal question" doctrine, a federal court has jurisdiction over a state-law claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1296 (11th Cir. 2008) (quoting *Grable*, 545 U.S. at 314). The Supreme Court has emphasized that this doctrine applies in only a "special and small" category of cases. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *see also Adventure Outdoors,* 552 F.3d at 1296. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction, even where the interpretation of federal law may constitute an element of the state cause of action." *Madzimoyo,* 440 F. App'x at 730 (internal quotation marks omitted) (citing *Merrell,* 478 U.S. at 813). "In other words, the state-law claim must really and

substantially involve a dispute or controversy respecting the validity, construction or effect of the federal law." *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

In *Empire*, the Supreme Court emphasized that the key factors in *Grable* which made the exercise of federal court jurisdiction appropriate included: (1) the dispute centered on the action of a federal agency and the compatibility of that action with federal law, (2) the federal issue involved the resolution of a nearly pure issue of law, and (3) resolution of the legal question would be controlling in numerous other cases. *Empire*, 547 U.S. at 700; *see also Adventure Outdoors*, 552 F.3d at 1296–97. The Court in *Empire* further explained that federal jurisdiction would not however be appropriate where: (1) the dispute was between private parties, (2) the resolution of the federal issue was not case dispositive, and (3) the claim was "fact-bound and situation-specific." *Empire*, 547 U.S. at 700-01; *see also Adventure Outdoors*, 552 F.3d at 1296-97. Such factors are typically absent in "garden variety state tort law" actions in which "[t]he violation of federal statutes and regulations is commonly given negligence per se effect." *Grable*, 545 U.S. at 318.

This case is the kind of garden variety state tort action for which federal question jurisdiction is not appropriate. Here, Plaintiffs' state law tort action against a privately managed health care facility—an action between private parties involving no federal agency where a court's application of a federal regulation's standard of care is likely to be fact-bound and situation-specific and

not controlling in numerous other cases—is not likely to depend on resolution of a substantial question of federal law creating federal question jurisdiction. *See Merrell*, 478 U.S. at 814 ("Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system."); *see also Main & Assocs., Inc. v. Blue Cross & Blue Shield of Ala.*, 776 F. Supp. 2d 1270, 1280 (M.D. Ala. 2011) (holding that claims for breach of contract, intentional interference with business relations, and negligence and wantonness brought by skilled nursing care facility against health insurance company did not provide a sufficient basis for the exercise of federal jurisdiction because "unlike *Grable*, where there was a central question about the compatibility of the actions of a federal actor and a federal statute [and] where the issues were purely issues of law," "this case examine[d] the compatibility of the actions of a private actor and a federal statute [and] the determination of the central issues here will be more fact-bound and situation specific"); *Burney v. Houston, LLC*, No. Civ.A. 5:05-CV-255, 2005 WL 2736515, at *1-2 (M.D. Ga. Oct. 24, 2005) (Royal, J.) (holding there was no federal question sufficient to create subject matter jurisdiction where plaintiffs brought state tort claims incorporating a duty of care from a federal regulation that itself did not provide a private, federal cause of action).

Accordingly, the Court finds no basis on which to exercise jurisdiction over Count IX and that claim is **DISMISSED**. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### E.    Removal Under § 1332(d) and CAFA

As an independent basis for removal, Defendants argue that under the Class Action Fairness Act this Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332(d) and 1453.  Defendants claim that Plaintiffs' Third Amended Complaint seeks relief on behalf of class members, minimal diversity exists, and Plaintiffs seek relief in excess of $5,000,000.00. (Doc. 1, ¶ 30.)  Plaintiffs deny that their action is a class action lawsuit and assert that no "reasonable member of the bar [could] confuse it with a class action lawsuit." (Pls.' Reply at 10.)

"CAFA gives the district courts subject matter jurisdiction to entertain a mass action removed from state court provided that at least four requirements are met.  These requirements are: (1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (internal quotation marks omitted).  But "CAFA does not change the traditional rule that the party seeking

to remove the case to federal court bears the burden of establishing federal jurisdiction." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

While Defendants' Notice of Removal indicates that two of these elements may be satisfied—Plaintiffs seek at least $5,000,000 and minimal diversity exists—Defendants have failed to bear their burden in establishing that the remaining elements have been met.  As to the numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs, Defendants base their removal on a few stray phrases lifted from Plaintiffs' claim for "Fraud" in Count XI of the Third Amended Complaint in which Plaintiffs refer to "the named Plaintiffs and other class members." (Doc. 11 ¶ 109.)  But Defendants have failed to show that Plaintiffs' Third Amended Complaint, which only names the surviving family members and the deceased's estate, involves monetary claims of 100 or more plaintiffs.  By necessary extension, there is no assertion that plaintiffs' claims involve common questions of law or fact for at least 100 or more plaintiffs.  Additionally, Plaintiffs have not sought to certify a class under Fed. R. Civ. P. 23.  As Plaintiffs have not framed or filed their action as a class action as currently pled, Defendants' reliance on Plaintiffs' vague references to "class members" in the  Third Amended Complaint is not sufficient to establish removal jurisdiction under 28 U.S.C. §§ 1332(d) and 1453.  Accordingly, the Court finds no basis on which to exercise subject matter jurisdiction and must **REMAND** this action to the State Court of Fulton County.

**F.       Order of Payment of Just Costs under 28 U.S. § 1447(c)**

Finding no basis for this Court to exercise subject matter jurisdiction over this case, this Court must remand. 28 U.S. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").   The Court does not, however, lack sympathy for Defendants' position and finds that Defendants' removal of Plaintiffs' Third Amended Complaint was undertaken in good faith in light of Plaintiffs' having asserted a frivolous claim in Count IX and their sloppy drafting of Count XI implying that they may be asserting claims on behalf of a class of Defendants' patients.  Section 1447(c) further gives this Court discretion as part of "[a]n order remanding a case" back to state court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* Plaintiffs' conduct in the litigation in including meritless claims in their revised pleading induced Defendants into removing this case to federal court and subjected Defendants to unnecessary motion practice and expense.  "Because the plaintiff is master of the claim, he may avoid federal jurisdiction by relying exclusively on state law even where a federal claim is also available. Consequently, as a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. Ordinarily, this requires the claim for relief to be a federal claim in which federal law creates the cause of action." *Main & Assocs., Inc. v. Blue Cross & Blue Shield of Ala.*, 776 F. Supp. 2d at 1275-76 (M.D. Ala. 2011) (citing *Caterpillar, Inc. v.*

*Williams,* 482 U.S. 386, 392 (1987) and *Dunlap v. G & L Holding Group, Inc.,* 381 F.3d 1285, 1290 (11th Cir. 2004)).

Accordingly, this Court **ORDERS** that Plaintiffs reimburse Defendants for the cost of removing the case to this Court.

## III.   CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Count IX of Plaintiffs' Third Amended Complaint for lack of jurisdiction and **REMANDS** this action consisting entirely of state law claims to the State Court of Fulton County. Plaintiffs are **ORDERED** to pay Defendants $400 as reimbursement for the cost of removal pursuant to 28 U.S.C. § 1447(c).  The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 27th day of February, 2015.


**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**